IN THE UNITED STATES DISTRICT COURT **F I L E D BY**
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JUL 1 3 2005

Thomas M. Gould, Clerk
U. S. District Court
W. D. OF TN, Jackson

| | |
|---|---|
| ERNEST W. HOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )    No. 05-1029-T-An |
| | ) |
| WEAKLEY COUNTY DETENTION | ) |
| CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

---

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
OF DEFENDANTS WEAKLEY COUNTY DETENTION CENTER,
JAIL ADMINISTRATOR JIM PHELPS, AND JAILER CHUCK STEGALL
AND ORDER TO SHOW CAUSE

---

Plaintiff, a prisoner acting *pro se*, filed this action in the Circuit Court of Weakley

County, Tennessee. Plaintiff alleged that Defendants violated his constitutional rights under

the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs

while he was incarcerated at the Weakley County Detention Center. Defendants removed

the action to this court with jurisdiction predicated on 28 U.S.C. § 1331.

Defendants Weakley County Detention Center, Jail Administrator Jim Phelps, and

Jailer Chuck Stegall have filed a motion for summary judgment.[1] Plaintiff has not responded

to the motion. For the reasons set forth below, Defendants' motion is GRANTED.

---

[1] Defendant Jeff Vinson has not been served with process.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _07-13-05_



Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

If a party does not respond to a motion for summary judgment, the Federal Rules of Civil Procedure provide that "summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). The fact that Plaintiff did not respond does not require granting Defendants' motion. However, if the allegations of the complaint are contravened by Defendants' affidavits and Defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Wilson v. City of Zanesville, 954 F.2d 349, 351 (6th Cir. 1992).

In his complaint, Plaintiff alleges that, while he was incarcerated, Defendants removed him from a "handy cap cell with no obvious reason" and placed him "in another pod upstairs on a top bunk with callous disregard to [his] disabilities." Complaint at para. 4. Plaintiff further alleges that he injured himself when he "fell jumping down to take [a] shower." Id. Plaintiff alleges that Defendants "let [him] lie in the floor on concrete for two days & one night and refused [him] medical services, not even an aspirin." Id. Plaintiff alleges that he was discharged from the jail "in the cold rain" and had to "walk approximately 6 miles to [his] home." Id. Plaintiff contends that the alleged violation of his constitutional rights was due to the "gross negligence" of Defendants. Id. at para. 1-3.

Defendant Jim Phelps is the jail administrator, and Defendants Jeff Vinson and Chuck Stegall are jailers.

In support of their motion, Defendants have attached the affidavit of Mike Wilson, Sheriff of Weakley County, at the time of the alleged incident. Sheriff Wilson's affidavit

states that Plaintiff was moved from a pre-trial detention cell to a post-sentence cell after he was sentenced on November 27, 2003. The affidavit further states that Defendant Phelps was not on duty and was not present during the alleged incident. Wilson Affidavit, Exhibit 2 to Defendants' Motion.

Attached to Sheriff Wilson's affidavit is a copy of the incident report. Id. at Exhibit B. The incident report states that Plaintiff reported to Pamela Summers and Defendant Vinson that he had fallen off his bunk.[2] Summers states that officers checked on Plaintiff and that she listened on the speaker in Plaintiff's cell after the officers had left and Plaintiff did not mention that he was in any pain. Id.; Summers Affidavit, Exhibit 4 to Defendants' Motion.

Summers' Affidavit states that Defendant Vinson, a trained paramedic, examined Plaintiff and determined that he had not suffered any serious injury. Id. Summers saw no signs of injury and did not believe that Plaintiff was in need of medical care, although he did complain that his foot hurt. Id.

The affidavit of Defendant Phelps states that he did not place Plaintiff in a handicap accessible cell because of Plaintiff's "answers to normal booking questions and his visible physical condition." Phelps Affidavit, Exhibit 3 to Defendants' Motion. Defendant also states that he received no complaints from Plaintiff as to the medical care that he received while in the jail and made no requests for medical care. Id.

---

[2] Defendant Vinson is a trained paramedic. Wilson Affidavit; Phelps Affidavit.

Defendant Stegall's affidavit states that he observed Plaintiff after his fall and did not see any injuries. Stegall Affidavit, Exhibit 5 to Defendants' Motion. Plaintiff was released on furlough the next day. At that time, he did not make any complaints about his physical condition. Id.

A prisoner alleging an Eighth Amendment claim for inadequate medical treatment must show that the defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The Supreme Court has defined "deliberate indifference" as acting with criminal recklessness, or a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825 (1994). Deliberate indifference requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Prison officials who knew of a substantial risk to the inmate's health or safety may be found not liable if they responded reasonably to the risk, even if the harm ultimately was not averted. Id. at 1982-83.

Defendants' affidavits refute Plaintiff's allegations that he received such inadequate medical treatment so as to "shock the conscience" or "be intolerable to fundamental fairness." Plaintiff was examined by Defendant Vinson, a trained paramedic, who determined that Plaintiff was not injured to the extent that he needed medical treatment. Neither Summers nor Defendant Stegall observed any injuries. Additionally, Plaintiff made no complaints when he was furloughed.

Plaintiff's allegation that he was left lying on the floor for two days is refuted by Defendants' affidavits that he was checked on by Summers and Defendants Vinson and Stegall. Moreover, Defendants have presented evidence that Plaintiff was furloughed the day after the incident, which disputes Plaintiff's allegation that he was left "lying on the floor for two days." Plaintiff's medical intake record disputes his allegation that he was disabled and should have been given a handicap accessible cell. Stegall Affidavit.

At most, Plaintiff has shown a disputed issue of fact as to whether Defendants were negligent in the diagnosis and treatment of Plaintiff's medical condition. Thus, Plaintiff has failed to allege a claim against the individual defendants that is cognizable under 42 U.S.C. §§ 1983. See Davidson v. Cannon, 474 U.S. 344, 348 (1986) (Generally, a plaintiff must show that a deprivation of constitutional rights was intentional or the result of gross negligence to establish a claim cognizable under § 1983.)

Additionally, as to Defendant Phelps in his role as jail administrator, general allegations of administrative negligence fail to state a constitutional claim cognizable under § 1983. See Rizzo v. Goode, 423 U.S. 362, 370-377 (1976). Therefore, the claims against Defendant Phelps are dismissed on this ground, as well as that stated above.

Weakley County Detention Center must be dismissed from the action because it is not a legal entity susceptible to suit. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994).

Because Plaintiff has failed to establish a disputed issue of fact as to whether Defendants were deliberately indifferent to his serious medical needs, Defendants are

entitled to summary judgment, and Defendants' motion is GRANTED.

Plaintiff has not served Defendant Vinson with process. Plaintiff is ORDERED to show cause within twenty (20) days why the action as to Defendant Vinson should not be dismissed for failure to comply with Fed. R. Civ. P. 4. Failure to respond to this order will result in the dismissal of the action as to Defendant Vinson. See Fed. R. Civ. P. 41.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

12 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 1:05-CV-01029 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Pam Belew
CIRCUIT COURT CLERK
Weakley County Courthouse
P.O. Box 28
Dresden, TN 38225

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Ernest E. Hogan
1480 Jewell Store Rd.
Dresden, TN 38225

Honorable James Todd
US DISTRICT COURT